IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 25-210-1 |
| | : | |
| WAGNER DELEON-MORALES | : | |

## DEFENDANT'S SENTENCING MEMORANDUM

Wagner DeLeon Morales is a forty-six-year-old citizen of Mexico. He accepts full responsibility for returning to the United States after he was deported in 2008. He described his motivation for returning here as wholly financial. This is no excuse of course for his unlawful conduct but rather, an explanation of his motive in committing this offense. For many years, his father was wheelchair bound and required expensive and extensive medical care. Mr. DeLeon's family borrowed money from others to pay for his care. Following his father's death, Mr. DeLeon returned to the United States to work and repay the money his family owed. On March 13, 2025, immigration agents (ICE) along with other law enforcement agencies arrived at Capis Car Wash in Bethlehem, Pennsylvania to investigate individuals working at the car wash. Mr. DeLeon, along with several others, was outside the car wash wearing a sweatshirt with the company logo waiting to dry off freshly washed cars. Agents approached Mr. DeLeon who provided them with his name, a Mexican voter identification card and his true date of birth. He admitted to not having proper documents permitting him to be in the United States. The agents returned to the car wash two weeks later. Mr. DeLeon was working on that day. Agents arrested

Mr. DeLeon without incident.[1]  He has been in custody since March 26, 2025, and has no reports of misconduct.[2]  At the time of the scheduled combined plea and sentencing hearing, Mr. DeLeon will admit to the elements of the offense of illegal reentry and plead guilty to an Information, saving the government both time and resources.

Mr. DeLeon was interviewed by a probation officer at the Lehigh County Prison on May 9, 2025, for the preparation of a modified Presentence Investigation Report (PSR).   The parties received the PSR on June 23, 2025.  While the defense has not yet had an opportunity to review the PSR with Mr. Deleon, the defense has no substantive objections to the guideline calculations in the PSR.[3]  The defense agrees the total offense level is 4, Mr. DeLeon's criminal history points are zero (CHC I) which yields a guideline range of 0 to six months' incarceration in Zone A.  (PSR ¶ 50).  The Court is encouraged to impose sentences other than incarceration on "zero-point offenders" such as Mr. DeLeon.  (PSR ¶ 59).  On the date of the upcoming plea and sentencing hearing, Mr. DeLeon will have been in custody for 3 months and 5 days. Due to an immigration detainer, he will remain in custody until he is returned to Mexico.  In light of the non-violent nature of this case, Mr. DeLeon's lack of criminal history, the amount of time he has served which is above the middle of the guideline range, his history and characteristics and his inevitable deportation, the defense respectfully requests the Court impose time served.  Such a sentence is consistent with the factors of 18 U.S.C. §3553(a) and consistent with the government's recommendation to this Court.  The defense respectfully requests the Court not

---

[1] https://www.facebook.com/LehighValleyBreakingNews/videos/viewer-video-from-capis-car-wash-in-bethlehem-township-behind-the-dunkin-on-east/1192992595656624/
[2] Mr. DeLeon was technically in administrative ICE custody from March 26, 2025, through April 10, 2025, when he was charged by Complaint.  Mr. Deleon will not receive credit for those days if the Court imposes a sentence other than time served unless the government requests credit be awarded through communication with designation officials within the Bureau of Prisons.
[3] The defense intends to review the PSR with the defendant prior to the June 30, 2025, hearing.

impose a term of supervised release, pursuant to U.S.S.G. §5D1.1(c), which discourages imposition of a period of supervised release.  (PSR ¶56).

      Mr. DeLeon is from Chiapas, Mexico, not far from the Mexican border with Guatemala. He is married and has a son and daughter, ages 9 and 6, respectively.  He has been unable to communicate with his family since his arrest because of the cost and difficulty of phone calls. He has endured a long separation from his family, in order to take care of his family.  As noted in the PSR, Mr. DeLeon was a subsistence farmer in his hometown prior to entering the United States.  He returned to earn money to pay down the enormous medical debt his family owed. During the Form 1 interview with the probation officer, Mr. DeLeon described the failed operation to remove his father's brain tumor.  Following the surgery, his father was paralyzed and confined to a wheelchair. He indicated his family borrowed money from friends and neighbors to pay for the surgery and thereafter, for medical equipment and necessities such as diapers.  Mr. DeLeon and his siblings make enough money for food, clothing and for his children's schooling costs, but not for unexpected and costly medical bills.  Mr. DeLeon is the youngest of seven and indicated all of the family members depend on him. To that end, Mr. DeLeon worked seven days a week at the car wash, weather permitting.   Mr. DeLeon will live with his wife upon his removal to Mexico.  They live a short distance from his 82-year-old mother and his other family members.

      Mr. DeLeon acknowledges he was removed from the United States in 2008 and was arrested attempting to return several days later.  Roughly thirteen years later, he illegally returned.  Prior to being charged in this case, Mr. DeLeon spent just several days in jail in 2008 for his unlawful entry into the United States.  He has been in custody considerably longer than he was in 2008 and needs no additional deterrence.  The fact that Mr. DeLeon was charged and

prosecuted rather than being immediately deported by ICE, arguably serves as a stronger deterrent than any specific sentence of incarceration. There does appear to be some unwarranted disparity in this case, largely due to varying policies among neighboring judicial districts. Upon information and belief, other similarly situated defendants—defendants who have no criminal history-from neighboring federal districts are being deported within weeks of being charged. In contrast, Mr. DeLeon will have served a custodial sentence slightly above the middle of the advisory range. Mr. DeLeon needs no vocational nor educational training as he will not be released before being deported. Nor would he be eligible for such programming within the Bureau of Prisons.

For the reasons stated herein and consistent with the government's recommendation for a sentence at the low-end of the range, the defense respectfully requests the Court impose a sentence of time served.

Respectfully submitted,

/s/ Maranna J. Meehan
MARANNA J. MEEHAN
Assistant Federal Defender

## **CERTIFICATE OF SERVICE**

I, Maranna J. Meehan, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I filed the attached Defendant's Sentencing Memorandum via the Court's Electronic Filing (ECF) system, which sent notification to Rebecca J. Kulik, Assistant United States Attorney, Suite 1250, 615 Chestnut Street, Philadelphia, Pennsylvania 19106, via her email address Rebecca.Kulik@usdoj.gov.

/s/ Maranna J. Meehan
MARANNA J. MEEHAN
Assistant Federal Defender

DATE:  June 23, 2025